### WILCOX v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to an employé in a city's police station by falling down an elevator well alleged to have been left unguarded, evidence *held* to require submission of the issue of defendant's negligence and plaintiff's contributory negligence to the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1010, 1025, 1089–1132.]

2. MUNICIPAL CORPORATIONS—POLICE STATION—MANAGEMENT—INJURIES TO EMPLOYÉS—LIABILITY OF CITY.

Where a city operated an elevator in its police station, such act did not constitute the exercise of a governmental function, so as to relieve it from liability to a servant for injuries sustained through the negligence of the elevator operator in leaving the door leading to the elevator shaft open and unguarded.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1568.]

Nash, J., dissenting.

Appeal from Trial Term, Monroe County.

Action by William A. Wilcox against the city of Rochester. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Affirmed.

Action for personal injuries sustained by plaintiff in stepping into an unguarded elevator well, and falling down the shaft from the first floor to the basement. The accident occurred June 28, 1904. The elevator was in a building owned by the defendant, and used for a police station. The plaintiff, a tinsmith was employed in repairing the roof of the building. He had worked one day, and in going to and from his work he had been conveyed by this elevator. On the morning of the second day, he, in company with another workman and the man who had been operating the elevator, went toward the elevator shaft, intending to take the elevator. The door was open, but the car had been left above. The plaintiff, supposing it to be there, stepped into the shaft and fell. It is claimed that the accident occurred through the negligence of the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

William A. Sutherland, for appellant.
George B. Draper, for respondent.

KRUSE, J. There was a dispute in the evidence as to whether the elevator door was closed to within two inches, as claimed by the defendant, or whether it was open. The man in charge of the elevator

approached the elevator shaft with the plaintiff and his companion; the plaintiff being sligthly in advance of the elevatorman. The defendant claimed that the plaintiff must have opened the door. The trial court held and charged the jury that·if the elevator door was closed to within two inches, the plaintiff could not recover, but left it for the jury to determine under the evidence whether the conduct of the elevatorman in connection with the open door and other circumstances was in the nature of an invitation by the elevatorman to the plaintiff to enter the elevator car, with the assurance that the car was there, and whether in so doing the elevatorman was negligent; and also submitted to them the question whether the plaintiff was free from negligence, stating to the jury that the plaintiff was required to use such care and caution as a reasonably prudent and cautious person would have used under the same circumstances.

We think. that both the negligence of the defendant and the contributory negligence of the plaintiff were questions of fact for the jury, and these questions were submitted to them under proper instructions.

It is further contended on behalf of the defendant that in the management of this police station it was engaged solely in discharging governmental functions, and therefore it is not liable for any act of negligence upon the part of its employé in operating the elevator. We deem it unnecessary to point out the dividing line between such functions as are exercised by a municipal corporation for the state, which have been designated governmental, in respect to which no liability arises against the municipality for the negligence of its servants and employés, and those which relate more particularly to its own locality and benefit, with reference to which the doctrine of respondent superior applies. It is not always free from difficulty to determine to which class a particular act belongs. In this case, however, we are of the opinion that in operating the elevator for conveying the plaintiff to his work on the roof of this building it was not engaged in performing governmental functions, within the rule which relieves municipal corporations from liability for negligence of its employés. If the plaintiff had been a prisoner, being conveyed to a cell under arrest by a policeman, a different question might be presented. For carelessness in operating the elevator under such circumstances and as regards such a person the municipality might be liable, although we do not so decide. Eddy v. Village of Ellicottville, 35 App. Div. 256, 54 N. Y. Supp. 800 ; McKay v. City of Buffalo, 9 Hun, 401, 74 N. Y. 619. But, as regards the operation of this elevator in conveying the plaintiff to his work, we think the defendant's servant was not exercising police duty. It might as well be claimed that the city would not be liable for a failure to maintain reasonably safe and passable a public sidewalk across premises used in connection with a police station. We think this case belongs to that class.

The judgment and order should be affirmed, with costs. All concur, except NASH, J., who dissents on authority of Snider v. St. Paul, 51 Minn. 456, 53 N. W. 763, 18 L. R. A. 151.